UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

      **v.**                                    **Case No. 93-20048-002-JWL**

**Clarissa Williamson,**

      **Defendant.**

_____

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). On October 4, 1993, a jury found Clarissa Williamson guilty of six drug charges including conspiracy to distribute crack cocaine. Ms. Williamson's base offense level was 40. When combined with her Criminal History Category III, Ms. Williamson's sentencing range was 360 months to life in prison. Ms. Williamson was sentenced to 360 months in prison. On January 16, 1996, Ms. Williamson filed a motion to reduce her sentence in light of Guideline Amendment 505 which changed the base offense level for her offense to 38. Her motion was granted on February 15, 1996 and her sentence was modified to 292 months. Ms. Williamson now moves the court to reduce her sentence in light of Guideline Amendments 706 and 709, and requests a resentencing hearing under *United States v. Booker*, 543 U.S. 220 (2005) and

*United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). For the reasons stated herein, her motion is denied.

18 U.S.C. § 3582(c)(2) provides that "a court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…the court may reduce the term of imprisonment…if such a reduction is consistent with applicable policy statements." The applicable policy statement is U.S.S.G. § 1B1.10(a)(2), which states that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement…if none of the amendments listed in subsection (c) is applicable to the defendant; or an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Ms. Williamson is not entitled to a sentence reduction pursuant to Amendment 709 because such relief is not afforded under § 1B1.10. Only amendments listed in § 1B1.10(c) can be used to reduce a defendant's sentence. U.S.S.G. § 1B1.10(2)(A). Amendment 709 is not listed in §1B1.10 (c) and is therefore inconsistent with the policy statement. Moreover, Amendment 709 has not been made retroactive by the Sentencing Commission, and thus cannot be used to modify the sentence of a defendant sentenced before it was ratified. Ms. Williamson's request to reduce sentence pursuant to Amendment 709 is denied for these reasons.

Ms. Williamson also is not entitled to a sentence reduction under Amendment 706 because Amendment 706 does not affect her guideline range. A reduction in the defendant's term of imprisonment is not appropriate unless an amendment listed in subsection (c) has the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Amendment 706 is listed in subsection (c). However, Ms. Williamson was convicted of conspiracy to distribute 5.75 kilograms of crack cocaine, which converts to a marijuana equivalency of 116,150 kilograms. Under the amended crack cocaine guideline, conspiracy to distribute 116,150 kilograms of marijuana has a total offense level of 40, criminal history category of III, for a sentencing range of 360 months to life in prison. Thus, Ms. Williamson's sentencing range remains unchanged. Her request to reduce her sentence pursuant to Amendment 706 is denied for that reason.

Furthermore, Ms. Williamson is not entitled to a resentencing hearing based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Although *Booker* made the Sentencing Guidelines advisory and not mandatory, they are entitled to great weight. They are persuasive authority of the highest order and reflect years of research, experience, and represent society's collective wisdom about how to achieve the purposes of sentencing. Moreover, although the Ninth Circuit allows for a resentencing hearing in light of the *Booker* decision, *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007), a majority of courts reject the argument that *Booker* applies to a §3582(c)(2) proceeding. *See United*

3

*States v. Wise*, 2008 WL 361089 (3rd Cir. Feb. 12, 2008); *Anderson v. United States*, 2007 WL 2050916 (11th Cir. July 18, 2007); *United States v. Hudson*, 2007 WL 2719867 (4th Cir. Sept. 19, 2007); and *United States v. Swint*, 2007 WL 2745767, *2, n.1 (3rd Cir. Sept 21, 2007). The court does not believe it is appropriate to revisit the propriety of the original sentencing decision because the guidelines are now advisory instead of mandatory. Ms. Williamson's request for a resentencing hearing in light of *Booker* is denied for that reason. [1]

Ms. Williamson is also not entitled to a resentencing hearing under § 3582(c)(2). The Tenth Circuit has foreclosed the argument that a § 3582(c)(2) proceeding is a full resentencing. *United States v. Torres*, 99 F.3d 360, 361 (10th Cir. 1996).

**IT IS HEREBY ORDERED** that Ms. Williamson's Motion to Reduce Sentence pursuant to §3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Ms. Williamson is also not entitled to a sentence reduction in light of *United States v. Booker*. The Tenth Circuit has already foreclosed that argument. *See*, *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). That challenge would not be based on amendments to the Sentencing Guidelines, and therefore §3582(c)(2) is inapplicable.